UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CR-00062-FDW-SCR

| UNITED STATES OF AMERICA | ) |
|---|---|
| | ) |
| v. | ) |
| | ) **ORDER** |
| NACHIKET BANWARI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Reassign (Doc. No. 48) this matter from the undersigned to the Honorable District Judge Max O. Cogburn. This matter has been fully briefed, (Doc. Nos. 51, 54), and is ripe for ruling. Because the Court concludes this District's Standing Order does not mandate reassignment and finds reassignment at this late stage of the proceedings does not serve the interest of judicial economy, Defendant's Motion is **DENIED**.

## I. BACKGROUND

The instant motion involves three separate matters in this District. For the sake of clarity, the Court will summarize the proceedings chronologically.

On March 12, 2019, the United States charged Bishap Mittal by Information with conspiracy to access a protected computer. See United States v. Mittal, Case No. 3:19-cr-00078, Doc. No. 1 (W.D.N.C. Mar. 12, 2019). The allegations in the Information related to a tech support scheme run through Capstone Technologies LLC and related entities. The case was randomly assigned to Judge Cogburn. On July 18, 2019, Bishap Mittal pled guilty to a superseding Information. Id., Doc. Nos. 18, 23. Thereafter, the United States Probation Office prepared a Presentence Investigation and Report and both parties filed sentencing memoranda. On September

1

21, 2020, through new counsel, Bishap Mittal moved to withdraw his plea of guilty. In December 2020, after full briefing and a hearing, Judge Cogburn denied the motion. In February 2021, the Probation Office filed a bond violation petition that informed the Court it was likely Bishap Mittal had left the United States. He remains at large.

Shortly after Bishap Mittal fled, on March 17, 2021, a Grand Jury indicted Sumit Mittal and Deepak Mittal on conspiracy to damage a protected computer, conspiracy to commit mail and wire fraud, money laundering conspiracy, and wire fraud charges related to the same tech support scheme as the one set forth in the Information charging Bishap Mittal. See United States v. Mittal, et al., 3:21-cr-00083, Doc. No. 3 (W.D.N.C. Mar. 17, 2021). The United States did not identify the case against Bishap Mittal as a related matter on the cover sheet to the 2021 indictment. The case was randomly assigned to the undersigned. To date, neither Sumit Mittal nor Deepak Mittal have been arrested. Further, in June 2022, the case against Bishap Mittal was administratively closed.

On March 22, 2023, a Grand Jury indicted Defendant in this case on charges of conspiracy to commit mail and wire fraud and money laundering conspiracy. (Doc. No. 5.) The charges arise out of the same tech support scheme as the cases described above, and United States identified the case against Sumit and Deepak Mittal, 3:21-cr-00083, as a related case. (Doc. No. 5-2, p. 1.) In November 2023, Defendant filed a motion to dismiss based on pre-indictment delay, (Doc. No. 33), which remains pending before this Court. In advance of the Court's March 2024 trial term, Defendant filed an unopposed motion to continue and motion for a peremptory trial setting, (Doc. No. 41), which the Court granted in part and denied in part, declining to set a peremptory term. This matter is currently scheduled for the Court's July trial term. (Doc. No. 42.) On May 2, 2024, Defendant filed the instant motion to reassign this case to Judge Cogburn based on this District's standing order concerning assignment of related cases. The United States opposes the motion,

2

arguing the standing order does not mandate reassignment and reassignment would not promote judicial economy.

## II. ANALYSIS

Under the Standing Order in effect when the United States filed the Indictment in this case, "[w]here the Clerk's office is informed or otherwise learns that an indictment is related to a previously assigned case, the new indictment shall be assigned to the judge of the previous assignment." Allocation of Charlotte Division Cases and Assignment of Following Preliminary Matters, 3:07-mc-00061, Doc. No. 14 (W.D.N.C. Nov. 19, 2021).[1] The Court notes the Standing Order says "assigned," not reassigned, and concludes reassignment is not mandatory here. However, the Court retains discretion to transfer a case to another District Judge within the District, except where the case has been randomly assigned. See id. ("The sole authority to change a random assignment resides with the Chief Judge, upon consultation with any other judge directly affected.").

The parties do not dispute that this case is related to United States v. Mittal, 3:19-cr-00078, and United States v. Mittal, et al., 3:21-cr-00083. And it is clear on the record that Judge Cogburn actively presided over the 2019 case, although the United States argues that fact is of limited relevance because Bishap Mittal fled three years ago and there has been no activity in the case since then. The Clerk's office was not informed and did not otherwise learn that the 2021 Indictment was related to the 2019 case. Therefore, it was randomly assigned to the undersigned. Because the United States noted this case was related to the 2021 case when filing the Indictment, United States v. Banwari was also assigned to the undersigned.

---

[1] The current Standing Order states, "[w]hen a case (criminal or civil) is filed that is related to a previously filed case, such new case shall be assigned to the same judge to whom the earlier case was assigned." Allocation of Charlotte Division Cases and Assignment of Following Preliminary Matters, 3:24-mc-00019, Doc. No. 1 (W.D.N.C. Feb. 29, 2024). However, that Order was not in place when the Indictment in this matter was filed.

The Court agrees with Defendant that if the Clerk's office had been "informed or otherwise learn[ed]" the cases were related when they were opened, then assignment of all three matters to Judge Cogburn would have been consistent with the Standing Order. And that assignment may well have served the Court's interest in efficiency, particularly if the case against Deepak and Sumit Mittal had proceeded past the Indictment stage. However, the Court must consider Defendant's motion based on the record as it stands today, not as it stood in 2021 or early 2023.

At this late stage of the proceedings, judicial economy does not support reassignment to another presiding Judge for two reasons. First, when Defendant filed the instant motion, the Court had already exerted resources to consider his motion to dismiss, and the Memorandum and Recommendation concerning that motion. The interests of judicial efficiency do not support reassignment of this matter to another presiding Judge who will have to consider the motion and M&R anew. Second, the Court understands co-counsel for the defense only recently entered an appearance, and filed the instant motion as soon as she discovered the facts supporting it. But trial in this matter is now set to proceed in just under six weeks. Defendant indicates neither party will be prejudiced by reassignment because both the undersigned and Judge Cogburn have trial terms set for July 2024. However, reassignment of a potentially lengthy trial in a complex fraud case to the docket of another District Judge this close to the beginning of trial presents potential burdens on Court resources, as well. For all these reasons, the Court will not exercise its discretion to order reassignment of this matter to Judge Cogburn.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reassign, (Doc. No. 48), is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 31, 2024

Frank D. Whitney
United States District Judge